UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERALD JAY FELDT,

           Plaintiff,

v.                                                 Case No. 6:06-cv-501-Orl-31KRS

SHERIFF ENSLINGER, MAJOR TIDWELL, SERGEANT LOWERY, CORRECTIONAL OFFICER VAUGHN, SERGEANT HUSS and CORRECTIONAL OFFICER WALTON,

           Defendants.
_____

**ORDER**

This case is before the Court on the following matters:

1.        Plaintiff, an inmate of the Florida penal system proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Because Plaintiff has failed to set forth his claim adequately, he will be required to submit an **amended complaint.**

In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place his full name in the style of the case on the first page of the civil rights complaint form. Further, Plaintiff should write his full name and address in the appropriate sections on pages one and six (and seven, if necessary) of the civil rights complaint form and provide the full name and current address for each Defendant. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim." It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, Plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts." Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Plaintiff should also be aware that a municipality or county is not a "person" answerable to Plaintiff in an action at law or a suit in equity under 42 U.S.C. § 1983, unless the actions of the municipality or county rise to the level of a custom or official policy, or if the municipality or county tacitly authorizes the actions or displays deliberate indifference towards the misconduct. *Aldinger v. Howard*, 427 U.S. 1 (1976); *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987).

Most importantly, if Plaintiff intends to allege a <u>number</u> of <u>related</u> claims, then he must set forth each claim in a separate paragraph in the same complaint. However, if the claims are <u>not</u> <u>related</u> to the same basic issue or incident, then each claim must be addressed in a separate complaint. ***Here, Plaintiff has raised several unrelated claims.*** In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for the unrelated

claim. The Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number. Of course, Plaintiff should file an amended complaint in this action by placing the case number in this action on a civil rights complaint form and choosing one of the claims to proceed with in this action. Plaintiff may at any time request more civil rights complaint forms for those unrelated claims.

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Amended Complaint**. The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint. After completing the new form, Plaintiff should mail it to the Court with a copy for each defendant.

Plaintiff shall amend his complaint as described above **within twenty (20) days** from the date of this Order. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action without further notice**.

2. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 7), filed April 25, 2006 is **DENIED** without prejudice. After the Court has reviewed Plaintiff's amended complaint, a determination will be made as to whether Plaintiff may proceed in forma pauperis.

3. Plaintiff's Motion for Assistance (Doc. No. 8, filed April 25, 2006) is **DENIED**.

4. Plaintiff's Motion to Grant Copies (Doc. No. 9, filed April 25, 2006) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida, this 28th day of April, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
pslc 4/28
Jerald Jay Feldt