UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERALD JAY FELDT,

    Plaintiff,

v.                                                                             CASE NO. 6:06-cv-501-Orl-31KRS

DONALD F. ENSLINGER, et al.,

    Defendants.

## ORDER

This case is before the Court on the following matters:

1.       Plaintiff, an inmate of the Florida penal system proceeding <u>pro se</u>, filed an amended civil rights complaint pursuant to the Court's Order of April 28, 2006 (Doc. No. 10). Because Plaintiff still has failed to set forth his claim adequately, he will be required to submit a **second amended complaint.**

In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim." It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts." Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations

are required to state a cause of action under 42 U.S.C. § 1983. Fullman v. Graddick, 739 F.2d 553, 556-7 (11th Cir. 1984); Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. Sims v. Adams, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must show how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Additionally, if Plaintiff intends to allege a number of related claims, then he must set forth each claim in a separate paragraph in the same complaint. However, if the claims are not related to the same basic issue or incident, then each claim must be addressed in a separate complaint. Here, Plaintiff has raised several unrelated claims. In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for the unrelated claim. The Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number. Of course, Plaintiff should file an amended complaint in this action by placing the case number in this action on a civil rights complaint form and choosing one of the claims to proceed with in this action. Plaintiff may at any time request more civil rights complaint forms for those unrelated claims.

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Second Amended Complaint**. The second amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint. After

completing the new form, Plaintiff should mail it to the Court with a <u>copy</u> <u>for</u> <u>each</u> <u>defendant</u>.

Plaintiff shall file the second amended complaint as described above **within twenty (20) days** from the date of this Order. Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action without further notice.

2. Plaintiff's Motion to Log Evidence (Doc. No. 28, filed June 1, 2006) is **DENIED**. Plaintiff's prior motions with regard to these issues were denied.

3. Plaintiff's Motion for Court to Submit A Copy of Letter (Doc. No. 29, filed June 1, 2006) is **DENIED**.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 2nd day of June, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 6/2
Jerald Jay Feldt